# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VIRNA L. SANTOS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-1039 (ABJ) |
| LORETTA LYNCH, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Virna L. Santos has brought this action against defendant Loretta Lynch, in her official capacity as Attorney General of the United States, alleging that her former employer, the Department of Justice, violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), when it retaliated against her and terminated her from her employment for engaging in protected activity. Compl. [Dkt. # 1]. Defendant has moved to dismiss this matter pursuant to Rule 12(b)(6), on the grounds that plaintiff filed her civil action prematurely, prior to the expiration of the 180-day waiting period imposed by 29 C.F.R. § 1614.407(d). Def.'s Mot. to Dismiss [Dkt. # 17] ("Def.'s Mot."). Because the Court finds that defendant is correct that plaintiff initiated this civil action before exhausting her administrative remedies, defendant's motion will be granted, and this case will be dismissed without prejudice.

## BACKGROUND

Plaintiff is an attorney and was formerly employed by the United States Department of Justice, Criminal Division, Office of Overseas Prosecutorial Development, Assistance and Training. Compl. ¶ 4. From March 2011 until December 2013, she was the Regional Director of

Latin America and the Caribbean, and from December 2013 until September 2014, she was the Regional Director of the Judicial Studies Institute. *Id.*

Plaintiff claims that she engaged in protected activity when she reported alleged instances of misconduct by Kevin Sundwall, a Senior Resident Legal Assistant ("RLA"), to the Director and Deputy Director of her office, and when she later objected to what she perceived to be retaliation by those Directors against the employees who had complained to plaintiff about Sundwall. Compl. ¶ 6. She reported both issues to the Directors' supervisor, the Deputy Assistant Attorney General. *Id.* Plaintiff states that she was told in February 2013 that she had "exposed" her office's "leadership to the front office" by reporting the misconduct, and that "her continued tenure would not be guaranteed" as a result. *Id.* ¶ 7. She also alleges that she complained that one of her subordinates "touched her inappropriately" in July 2013, and that she was demoted shortly thereafter. *Id.* ¶ 8. Plaintiff claims that she was eventually terminated "based on false grounds of a lack of funding." *Id.* ¶ 9.

Plaintiff filed an administrative complaint with the Department of Justice against her former office on August 25, 2014. Compl. ¶ 3; Compl. of Discrimination, Ex. A to Compl. [Dkt. # 1]. On December 15, 2015, the agency issued its final decision in her case, and plaintiff received the final decision, through counsel, on December 21, 2015. Compl. ¶ 3. Plaintiff appealed the final agency decision to the Equal Employment Opportunity Commission ("EEOC") on January 11, 2016. Pl.'s Opp. to Def.'s Mot. [&] Related Req. for Interim Stay [Dkt. # 20] ("Pl.'s Opp.") at 1; *see also* Notice of Appeal/Pet., Ex. 2 to Def.'s Mot. [Dkt. # 17-2].

While that appeal was pending, plaintiff initiated this civil action in the United States District Court for the Eastern District of California on March 14, 2016. Compl. On May 27, 2016, the parties jointly stipulated to the transfer of the case to this District, *see* Stipulation & Proposed

Order Re: Def.'s Mot. for Dismissal or Transfer [Dkt. # 13], and the case was assigned to this Court on June 2, 2016. Order Granting Stipulation Re: Def.'s Mot. for Dismissal or Transfer [Dkt. # 14]. On June 7, 2016, defendant moved pursuant to Rule 12(b)(6) to dismiss plaintiff's claims as untimely filed. Def.'s Mot.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily

3

consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

**ANALYSIS**

Defendant has moved to dismiss this case in its entirety without prejudice, on the grounds that plaintiff failed to comply with the requirements imposed by 29 C.F.R. § 1614.407. Def.'s Mot. Specifically, defendant maintains that because plaintiff appealed the agency's December 2015 final decision, she was required to wait to file a civil action in federal court until after receiving the EEOC's final decision on her appeal or 180 days after filing the appeal if no final decision was rendered. Def.'s Mot. at 3, citing 29 C.F.R. § 1614.407(c)–(d). Because the Court agrees that plaintiff failed to comply with those requirements, it will grant defendant's motion.[1]

Under Title VII, a plaintiff "must timely exhaust [her] administrative remedies before bringing [her] claims to court." *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (internal quotation marks and citations omitted). While the time limits for filing imposed by Title VII and the related EEOC regulations are "not a jurisdictional prerequisite to suit in federal court" and are

---

1 Plaintiff was represented by counsel when this matter was filed in the Eastern District of California, and her counsel's mailing address and email address have appeared on each of the pleadings she has filed since the case was transferred to this Court. Furthermore, her counsel has represented that he is her "current attorney" and that he "will continue to represent her," and he notified the Court that he planned to submit an application for admission to this District "on or before July 15, 2016." Pl.'s Resp. to July 6, 2016 Ct. Order [Dkt. # 23]. However, her counsel has still not entered an appearance in this matter, and so, in an abundance of caution, the Court has held plaintiff to the "less stringent standards" of review applicable to pro se litigants in ruling on defendant's motion to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (directing that in actions brought by a pro se plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint"), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

therefore "subject to waiver, estoppel, and equitable tolling," they nevertheless operate "like a statute of limitations" that can bar a claim that is untimely filed. *See Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999); *see also, e.g.*, *Koch v. White*, 967 F. Supp. 2d 326, 332 (D.D.C. 2013) (observing that "[t]he ninety-day time limit" in 29 C.F.R § 1614.407(c) "functions like a statute of limitations"), quoting *Mack v. WP Co.*, 923 F. Supp. 2d 294, 298 (D.D.C. 2013).

As part of that exhaustion process and pursuant to regulations promulgated by the EEOC, "[a] complainant who has filed an individual complaint . . . is authorized under [T]itle VII . . . to file a civil action in an appropriate United States District Court" only in one of the four following circumstances:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407; *see also* 42 U.S.C. § 2000e-16(c) (providing that a plaintiff "may file a civil action" under Title VII within 90 days of receiving notice of final action taken by the agency or a decision by the EEOC on an appeal, or 180 days after filing the initial charge with the agency or an appeal with the EEOC if no action has been taken).

Here, plaintiff appealed from the agency's final decision, and that appeal is still pending before the EEOC. *See* Pl.'s Opp. at 1 ("[T]he plaintiff has pending an appeal with the Equal Employment Opportunity Commission, filed on January 11, 2016."). So subsections (a), (b), and

5

(c) of 29 C.F.R § 1614.407 are inapplicable. And plaintiff does not contest that she filed her civil suit before the 180-day period from the date of filing her appeal expired. *Id.* (stating that she filed her EEOC appeal on January 11, 2016, and that she filed her district court action on March 14, 2016). Instead, she asks that the Court enter an "interim stay" of these proceedings until the 180-day period has elapsed, arguing that "the '[s]uspension of proceedings is preferable to dismissal with leave to refile' as a remedy for premature filing of discrimination suits." *Id.* at 1–2, quoting *Oscar Mayer & Co. v Evans*, 441 U.S. 750, 765 n.13 (1979).[2]

But the plain text of section 1614.407 and the case law applying it make clear that where a civil action has been filed before the relevant time period has elapsed, dismissal without prejudice is required. The regulation provides "[a] complainant who has filed an individual complaint . . . is authorized . . . to file a civil action in an appropriate United States District Court . . . [a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407(d). In other words, any civil action filed in a District Court before the 180-day period has elapsed is *not* authorized.

For that reason, courts have routinely dismissed as premature cases filed before the relevant waiting period has expired. *See, e.g.*, *Martini*, 178 F.3d at 1338 ("Finding that Title VII requires complainants to wait 180 days before suing in federal court so that the Commission may informally resolve as many charges as possible, we reverse the judgment in [the plaintiff's] favor and remand with instructions to dismiss her untimely suit without prejudice."), citing 42 U.S.C. § 2000e-5(f)(1); *McAlister v. Potter*, 733 F. Supp. 2d 134, 144 (D.D.C. 2010) ("As it often takes longer than 180 days to make a determination on an appeal, at the end of 180 days, an employee can

---

2   The 180-day waiting period imposed by section 1614.407(d) elapsed on July 11, 2016, the same day the Court received plaintiff's request for an interim stay, and so it seems that her motion to stay these proceedings is moot in any event.

6

terminate the EEOC appeals process and immediately file a claim with the federal court. However, a lawsuit filed within that 180 days will be dismissed as premature . . . .") (internal citations omitted); *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 10 (D.D.C. 2004) ("Title VII and EEOC regulations allow a civil suit to be filed after 180 days from the date of filing an appeal if the EEOC has not issued a final decision. . . . Ordinarily, individuals who fail to comply with these administrative deadlines will be denied a judicial audience."), citing *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).[3]

In essence, plaintiff insists that because 180 days have now passed since she filed her appeal before the EEOC, the Court should not dismiss her case and should instead permit it to

---

3  The case plaintiff cites in support of her request to stay this matter, *see* Pl.'s Opp. at 1–2, citing *Oscar Mayer*, 441 U.S. at 765 n.13, is distinguishable. It is true that in that case, the Supreme Court opted to stay the federal litigation while the plaintiff undertook a necessary preliminary step at the state administrative level. But *Oscar Mayer* did not involve Title VII or the EEOC regulations that call for the exhaustion of federal administrative remedies; it dealt with section 14(b) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* That section provides that in a challenge to an unlawful employment practice occurring in a state which has its own remedies for discrimination, "no suit may be brought [under the ADEA] before the expiration of sixty days after proceedings have been *commenced* under the State law." *Oscar Mayer*, 441 U.S. at 759 (emphasis in original), quoting 29 U.S.C. § 633(b). Focusing on the word "commenced," the Court stated that section 14(b) "does not stipulate an exhaustion requirement," *id.* at 759–61, and it ordered that the plaintiff's "federal suit should be held in abeyance" until after he had "fil[ed] a signed complaint" with the state civil rights commission and waited the required sixty days or had his state claim dismissed. *Id.* at 764–65. The Court's reading of the provision was not further explained and it was not shared by all of the Justices. *See id.* at 767 (Stevens, J., concurring in part and dissenting in part) ("Section 14(b) . . . explicitly states that 'no suit may be brought' under the Act until the individual has first resorted to appropriate state remedies. Respondent has concededly never resorted to state remedies. In my judgment, this means that his suit should not have been brought and should now be dismissed."). But in any event, the *Oscar Mayer* opinion did not hold that a stay is required in all circumstances, and it did not purport to interpret the statutory and regulatory regime at issue here. According to the Circuit precedent binding on this Court, Title VII and the EEOC regulations clearly impose an exhaustion requirement that operates like a statute of limitations to bar a claim that has been filed in contravention of the established deadlines. *See, e.g.*, *Martini*, 178 F.3d at 1348; *see also Koch*, 967 F. Supp. 2d at 332. And so plaintiff's failure to wait the required 180 days before initiating her federal civil suit is fatal to her claim.

proceed. *See* Pl.'s Opp. at 1 ("Given that the requisite 180 days will lapse in just 5 more days [from the date of plaintiff's opposition], there is little reason to dismiss this action and require its refiling."). But as another District Court observed when faced with an identical argument against dismissal, to do so would be to "disregard the plain language of the statute and regulations based on [a] result-oriented approach," because it would excuse every plaintiff from complying with the exhaustion requirement "so long as 180 days had elapsed by the time the defendant's response to the complaint was due." *Bell v. Donley*, 724 F. Supp. 2d 1, 15 (D.D.C. 2010) (rejecting the plaintiff's argument that "because 180 days have *now* elapsed since the filing of her EEO complaint, her claims are now ripe"). As that court stated, "[t]his is a wholesale rewriting of the statute and regulation," and "it undermines the exhaustion process by cutting short the time the employer has to resolve the administrative complaint." *Id.* This reasoning similarly applies here.[4]

Because the Court finds that dismissal is required pursuant to 29 C.F.R. § 1614.407(d), and because the date for the stay sought by plaintiff has passed, the Court will grant defendant's motion to dismiss this case without prejudice and deny as moot plaintiff's motion for a stay.

A separate order will issue.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: July 20, 2016

---

4   Plaintiff also argues that it would be "lacking in purpose" to dismiss this action and require plaintiff to refile it because her "EEOC appeal is extremely limited in scope" and "does not even pertain to the gravamen of this case." Pl.'s Opp. at 2. But the regulation does not provide different exhaustion requirements based on the nature or extent of EEOC appeals taken from final agency actions: it authorizes a civil action in federal court "[a]fter 180 days from the date of filing *an appeal* with [the EEOC]." 29 C.F.R. § 1614.407(d) (emphasis added). So plaintiff's second argument against the dismissal of this matter is similarly unavailing.